IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SEAN M. JANKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11cv261-WHA |
| | )            (WO) |
| WELLS FARGO AND COMPANY, | ) |
| formerly known as Wachovia Bank formerly | ) |
| known as SouthTrust Bank, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion to Dismiss (Doc. # 6) filed by Defendant Wells Fargo Bank, N.A.[1] ("Wells Fargo") on May 9, 2011.

The Plaintiff, Sean M. Janke ("Janke"), filed a Complaint in this court on April 7, 2011 alleging claims of intentional misrepresentation, fraud, violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and negligent, reckless, and wanton conduct. Defendant Wells Fargo filed an Answer and moved to Dismiss the FDCPA Claim (Count Three) on May 9, 2011 because of Janke's failure to state a claim upon which relief may be granted under the FDCPA. On May 27, 2011 Janke filed a Response to Wells Fargo's Motion, and on June 8, 2011 Wells Fargo filed a Reply to the Response.

---

[1] While styled as Wells Fargo and Co. in the caption of this case, the Defendant is properly referred to as Wells Fargo Bank, N.A.

The Complaint alleges federal question jurisdiction, under 28 U.S.C. § 1331, over the FDCPA claim and supplemental jurisdiction, under 28 U.S.C. § 1367, over the related state law claims.

For reasons to be discussed, the Motion to Dismiss for failure to state a claim is due to be GRANTED, with leave to amend.

## II.  MOTION TO DISMISS STANDARD

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal,* _ U.S. _,  129 S. Ct. 1937, 1949-50 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The factual allegations "must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

## III.  FACTS

2

The allegations of Janke's Complaint are as follows:

Janke married Julie Olive on September 28, 2002. Prior to the marriage, Ms. Olive had obtained a personal loan from SouthTrust Bank which was later acquired by Wachovia Bank and ultimately acquired by Wells Fargo in its acquiring of its predecessors' accounts. On March 18, 2009, Janke and Ms. Olive were formally divorced.

On March 4, 2009 Janke visited Wells Fargo's Dalraida branch in Montgomery, Alabama and spoke with one of the employees, Hadley Hudnall. Hudnall told Janke he could not be removed from Ms. Olive's account. On June 18, 2009, Janke visited the same branch and again spoke to Hudnall. Again, Hudnall maintained that Janke could not be removed from Ms. Olive's account. Furthermore, Hudnall told Janke that he could not be removed from the account absent a payment in full of the account balance. Janke also spoke with another Wells Fargo employee, Shawn Pullen, who assured Janke that he had authorization documents with Janke's signature. Subsequently, Janke paid Wells Fargo $2,700.00 on Ms. Olive's account in an attempt to remove himself from the account.

Wells Fargo also threatened to make negative reports about Janke regarding Ms. Olive's account if he refused to pay on the account. Accordingly, Janke made several payments to Wells Fargo in order to prevent any negative reporting. Wells Fargo conducted an internal investigation into Janke's liability on Ms. Olive's account and determined that he, in fact, had never signed for the account. On February 9, 2011, Wells Fargo advised Janke by letter that it had determined that Janke had no liability to pay on the account, that he had been removed from the account, and that Wells Fargo was not reporting any derogatory information to credit bureaus regarding the account.  (Exhibit A to Complaint).

## IV. **DISCUSSION**

Wells Fargo's Motion to Dismiss alleges that Janke's FDCPA claim should be dismissed because it fails to state any facts that would cause Wells Fargo to fall under the purview of the FDCPA. This is because, it is argued, Wells Fargo was a creditor, and creditors are specifically excluded from coverage under the FDCPA, 15 U.S.C. § 1692a(6)(F), with the FDCPA applying only to debt collectors.

Janke admits that under normal circumstances Wells Fargo would be considered a "creditor" and not a "debt collector," but argues that the FDCPA analysis changes in this case because, since he was never obligated to pay the debt, he was never a debtor, and Wells Fargo cannot be his creditor. While the fact that he was never obligated to pay the debt does not deprive Janke of standing to sue under the statute, it does not expand the protections of the statute. The question is not the status of Janke, but the status of Wells Fargo under the language of the statute, and that must be the status of "debt collector" for it to be subject to FDCPA liability.

"In order to prevail on an FDCPA claim, a plaintiff must prove that: `(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1360-61 (S.D.Fla.2000) (internal citations omitted). The FDCPA limits its consumer protections to only those acts done by "debt collectors" as defined by the FDCPA. 15 U.S.C. § 1692 *et seq*.

The FDCPA defines a "debt collector" as:

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who

> regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. ... [Debt collector] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6). Accordingly, the FDCPA's proscriptions target the behavior of businesses whose "principal purpose" is to collect debts owed to another.

Furthermore, within the definition of "debt collector," the FDCPA explicitly states certain persons who will not be considered "debt collectors" including:

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due **another** to the extent such activity ... (ii) **concerns a debt which was originated by such person** [or] (iii) concerns a debt which was **not in default at the time it was obtained by such person**... (Emphasis added).

15 U.S.C. § 1692a(6)(F). Therefore, the statute explicitly states that those entities which originated the original debt or which obtained the loan before it was in default are exempt from the statutory definition of "debt collector."

In addition to defining "debt collector," the statute clearly defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Combining the two definitions, it is clear that a "debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

Turning to the present facts, Janke did not plead any facts that would call into question Wells Fargo's status as a FDCPA "creditor." He makes no claims that Wells Fargo's principal

5

business is debt collection.  Nor does he allege that the debt was delinquent when Wells Fargo absorbed the debt from Wachovia Bank through its acquisition of Wachovia.  Wells Fargo's acquisition of Wachovia Bank is public knowledge and the date of default would have been similarly easy to determine, yet Janke merely speculates in his brief that the fact could exist.  To reiterate, Janke's factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff has simply failed to do this.[2]

Concerning Janke's claim that his not being on the debt somehow changes the FDCPA analysis, this position is without statutory or precedential support. As such, Janke's claim that this changes the analysis is a bare assertion.  It is worth noting, however, that the language of the FDCPA reads and, indeed, has been interpreted, to protect even those individuals in Janke's situation, but only against those defined by the act as "debt collectors." The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to **any person** is liable to such person."   15 U.S.C. § 1692k(a) (emphasis added). Moreover, other courts have held "that 'any person,' as used in 15 U.S.C. § 1692k(a) includes persons ... who claim they are harmed by proscribed debt collection practices directed to the collection of another person's debt." *Whatley v. Universal Collection Bureau Inc. (Fla.)*, 525 F. Supp. 1204, 1206 (N.D. Ga. 1981); *see also Dutton v. Wolhar*, 809 F. Supp. 1130, 1134 (D. Del. 1992)

---

[2]The court does not intend by this to find that Wells Fargo would be considered to be a "debt collector" rather than a "creditor" if the account at issue was in default at the time Wells Fargo acquired all assets of Wachovia Bank through merger.  That issue is not before the court under the pleadings.  The court does note for the parties cases such as *Brown v. Morris, et al.,* 243 F. App'x 31, 34-35 (5th Cir. 2007) and *Centennial Bank v. The Noah Group, LLC,* 755 F. Supp. 2d 1256, 1260 (S.D.Fl. 2010), holding otherwise.

(explaining that "debt collectors" are liable under the FDCPA to "any person" who is the target of proscribed collection practices). Therefore, Janke, despite not being the person listed on the consumer debt, is entitled to the protection of the FDCPA. As previously explained, however, the FDCPA's protection is only against the acts of "debt collectors" and not "creditors." Neither Janke's status nor Wells Fargo's actions alter Wells Fargo's status as a "creditor" under the allegations of the Complaint.   Accordingly, Janke's FDCPA claim as alleged is due to be dismissed.  The court will, however, allow Janke time within which he may file an Amended Complaint to attempt to state a claim, if he can do so in compliance with the requirements of Rule 11(b), *Fed.R.Civ.P.*

## V.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1.  The Motion to Dismiss will be granted **on September 6, 2011**, unless an Amended Complaint is filed by that time.

2.  Janke is given **until September 6, 2011**, to file an Amended Complaint, if he can do so in compliance with the requirements of Rule 11(b), *Fed.R.Civ.P.*  Any Amended Complaint must comply in form with the requirements of M.D. Ala. LR 15.1.  The court notes that the Complaint alleges jurisdiction over the state law claims to be only supplemental to the federal claim.

Done this 22nd day of August, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

7